D unkin, Ch.
delivered the opinion of the Court.
In the proceedings in the Federal Court, the validity or eifect of this marriage contract was not involved in the issue. Nor were the proper parties before the Court for that purpose. So, in Gillett vs. Powell, (Sp. Eq. 142,)Ch ancellor Haiiper. expressly declares that, in the case then before the Court, no question was made as to the validity of the marriage settlement of George W. Collins, and that nothing is concluded respecting it in the judgment then to be pronounced. In truth, the Court, in that case, considered only the eifect of the decree in relation to the rights of J. S. Powell, who had survived his wife, Lavinia, whose marital rights were embarrassed by no marriage settlement, and who insisted on the benefit of the Federal decree. Collins never interposed any claim, departed this life in 1836, *402 his ■widow, Lucy J. surviving him; and, in 1850, the fund, in the Federal Court, still remaining a chose in action, was, by the order of that Court, transferred to the Court of Chancery, for Barnwell district, “ subject to the decree of the State Court of Equity.”
In the circuit decree I have said, that, if Collins had actually received the money, he would have taken it affected with the trusts of the ante-nuptial settlement executed by himself, and, that receiving and holding in a fiduciary relation, his marital right would not attach. I have heard nothing to remove that judgment. But suppose he had not left this to implication or judicial inference, but had given an order on the registry of the Federal Court, or on the obligee of the bond, to pay the money to Higgenbottom, the trustee of the settlement, to be held by him subject to the trusts thereof, as Chancellor Habper has said in Peyton vs. Enecks, on what principle could the creditors of Collins complain 1 The lands sold were his wife’s inheritance. The decree directed the proceeds to be paid to him in right of his wife. By the settlement of 1826, Collins had transferred all the right to these lands to Higgenbottom, the trustee, and the settlement was recorded in eight months thereafter. He had never reduced the fund into his possesion, and was bound not to *403 reduce it into his possession, but to do every thing in his power to secure the efficiency of the trust, and he had done so. Instead of giving an order to the trustee for the fund, Collins merely refrained from doing any act inconsistent with his covenant, and left the bond in the custody of the Federal Court, who have transferred the administration of the fund to the State tribunal.
The Court are all of opinion that the rights of Mrs. Enecks are not precluded by any judgment heretofore pronounced, and that, on the general principles of this Court, she is entitled to the fund under the provisions of the marriage settlement. The decree of the circuit court is affirmed and the appeal dismissed.
Johnston, Dargan and WaRdlaw, CC. concurred.

Appeal dismissed.